Patrick White, Executor of the estate of Margaret White, deceased, *v.* Fifth Avenue & High St. Bridge Company, Appellant.

*Eminent domain—Damages—Two dwellings on one lot—Bridge company.*

In an action of trespass against a bridge company to recover damages for injuries to land caused by the construction of a bridge, where it appears that the land in question was held by one title, and was undivided by any lines, but with two dwellings erected on it, one facing the street occupied by the bridge, and the other facing an alley in the rear, the measure of damages is the difference in the value of the land taken as a whole, or as one tract, before and after the injury.

Argued Nov. 14, 1898. Appeal, No. 7, Oct. T., 1898, by defendant, from judgment of C. P. No. 1, Allegheny Co.,

March T., 1896, No. 202, on verdict for plaintiff. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for injuries to land caused by the construction of a bridge. Before COLLIER, P. J.

At the trial it appeared that plaintiff's testatrix, Margaret White, at the time of the construction of the bridge by the defendant company, was the owner of a lot of ground situate on Fifth avenue, in the city of McKeesport, at the southwest corner of Fifth avenue and Mulberry alley, fronting on the south side of Fifth avenue sixty-eight feet, and extending back southwardly along the west side of Mulberry alley sixty feet, having thereon erected two two-story frame dwelling houses, with other improvements. One of the dwelling houses fronted on Fifth avenue, and the other was in the rear, fronting on Mulberry alley. The land was held by one title and was undivided by any lines. The bridge was constructed on Fifth avenue, and was built to some extent over the plaintiff's sidewalk on that street.

Defendant's first point and the answer thereto were as follows:

In this action, plaintiff has no right to recover any damages for any alleged injury done to that portion of her property upon which the house fronting on Mulberry alley is errected, to wit: said house and the ground covered thereby, and so much additional ground as may be used in connection with and necessary for the ordinary use and enjoyment of said house. *Answer*: Refused.

Verdict and judgment for plaintiff for $4,853.33. Defendant appealed.

*Error assigned* was above instruction, quoting it.

*E. P. Douglass*, with him *J. S. Ferguson* and *H. H. Swaney*, for appellant, cited Penna. R. Co. v. Marchant, 119 Pa. 541.

*W. B. Rodgers*, with him *R. C. Rankin*, for appellant.—In re Melon Street, 182 Pa. 404, decides this question.

PER CURIAM, January 3, 1899:

As a matter of fact the plaintiff's property was a unit. It

was a lot of ground, held by one title, and undivided by any lines, with two buildings on it. We cannot say there was any error in applying to it the ordinary rule for assessing damages in this class of cases, to wit: the difference in the value of the whole before and after the injury.

Judgment affirmed.